Dean B. Herman (SBN 076752)
Catherine L. Rivard (SBN 126237)
V. René Daley  (SBN 199914)
MENDES & MOUNT, LLP
445 S. Figueroa Street, 38th Floor
Los Angeles, CA  90071
Tel: (213) 955-7700; Fax:  (213) 955-7725
Email:    Dean.herman@mendes.com
             Catherine.rivard@mendes.com
             Rene.daley@mendes.com

Attorneys for Defendant
HARTFORD CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATH & ASSOCIATES, PLLC, | CASE NO.  08CV1567 L (JMAx) |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY TO PLAINTIFF NATH & ASSOCIATES, PLLC'S COMPLAINT** |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Defendant Hartford Casualty Insurance Company ("Hartford"), for itself alone, answers the Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint") filed herein by Plaintiff Nath & Associates, PLLC ("Nath"), as follows:

1.    Answering paragraph 1, Hartford denies the allegations contained therein.

2.    Answering paragraph 2, Hartford admits that Nath contends that the amount in controversy is in excess of $75,000, exclusive of interest and costs.  Hartford further admits that there is a complete diversity of citizenship between Nath and Hartford and that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 2.

3.      Answering paragraph 3, Hartford admits that this Court has personal jurisdiction over Hartford in this matter.

4.      Answering paragraph 4, Hartford denies the allegations contained therein.

5.      Answering paragraph 5, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations of paragraph 5.

6.      Answering paragraph 6, Hartford admits that venue is proper pursuant to 28 U.S.C. § 1391(a)(3) because Hartford is subject to personal jurisdiction in this district.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 4.

7.      Answering paragraph 7, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations of paragraph 7.

8.      Answering paragraph 8, Hartford admits that it is an insurance company incorporated under the laws of the State of Indiana and is authorized to transact business and is transacting business in this judicial district in the State of California.  Hartford further admits that Hartford's principal place of business is in Hartford, Connecticut.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 8.

9.      Answering paragraph 9, Harford admits that it issued insurance policies to Nath which provided business liability coverage with an annual policy term.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies the remaining allegations of paragraph 9.

10.      Answering paragraph 10, Hartford admits that Nath renewed certain of the policies.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies the remaining allegations of paragraph 10.

11.      Answering paragraph 11, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 11.

12. Answering paragraph 12, Hartford admits that it issued policy number 30 SBA RM7202 to Nath & Associates, PLCC dba The Nath Law Group, which had a stated policy period of October 1, 2006 to October 1, 2007. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 12.

13. Answering paragraph 13, Hartford admits that Exhibit "1" purports to be a copy of excerpts of a policy issued by Hartford to Nath. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 13, and on that basis denies said allegations.

14. Answering paragraph 14, Hartford admits that the business liability coverage form included in Exhibit "1" is Business Liability Coverage Form SS 00 08 04 01. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 14, and on that basis denies said allegations.

15. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 15, and on that basis denies said allegations.

16. Answering paragraph 16, Hartford denies the allegations contained therein.

17. Answering paragraph 17, Hartford admits that Exhibit "1" to the complaint contains the language quoted therein. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 17, and on that basis denies said allegations.

18. Answering paragraph 18, Hartford denies the allegations contained therein.

19. Answering paragraph 19, Hartford admits that Exhibit "1" to the complaint contains the language quoted therein. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 19, and on that basis denies said allegations.

20. Answering paragraph 20, Hartford admits that Exhibit "1" to the complaint defines "advertising idea" using the definition quoted therein. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 20, and on that basis denies said allegations.

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

21.     Answering paragraph 21, Hartford admits that Nath & Associates, PLLC is listed as a named insured in Exhibit "1."  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 21, and on that basis denies said allegations.

22.     Answering paragraph 22, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 22.

23.     Answering paragraph 23, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 23.

24.     Answering paragraph 24, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 24.

25.     Answering paragraph 25, Hartford admits that on or about July 6, 2007, a complaint, styled *Hilborne, Hawkin & Co., et al. v. Ira Dickstein, et al.*, Case No. 37-2007-0005428-CU-BT-NC (the "Underlying Lawsuit"), was filed with the Superior Court of the State of California for the County of San Diego, North County Judicial District by Sheppard, Mullin, Richter & Hampton LLP on behalf of Hilborne, Hawkin & Co and Asia Trademark, Ltd., which sought damages and injunctive relief against Ross Adam Epstein, Gary M. Nath, The Nath Law Group, Nath & Associates, Ira Eckstein and A&S Patents and Trademarks, Inc.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 25.

26.     Answering paragraph 26, Hartford admits that Exhibit "2" purports to be a copy of the complaint filed in the Underlying Lawsuit.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 26, and on that basis denies said allegations.

27.     Answering paragraph 27, Hartford admits that the plaintiffs in the Underlying Lawsuit alleged purported causes of action that were entitled Intentional Misappropriation of Trade Secrets, Unfair Competition, and Civil Conspiracy against all the defendants named in the

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

Underlying Lawsuit, as well as a purported claim entitled Breach of Contract against The Nath Law Group, Nath & Associates, Mr. Nath and Mr. Epstein.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 27, and on that basis denies said allegations.

28.    Answering paragraph 28, Hartford admits that the plaintiffs in the Underlying Lawsuit alleged in Exhibit "2" that they had developed a "confidential and proprietary business, advertising and marketing methodology," which they called "the Model" in Exhibit "2." Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 28, and on that basis denies said allegations.

29.    Answering paragraph 29, Hartford admits that the plaintiffs in the Underlying Lawsuit alleged in Exhibit "2" that they had developed a "confidential and proprietary business, advertising and marketing methodology," which they called "the Model" in Exhibit "2." Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 29, and on that basis denies said allegations.

30.    Answering paragraph 30, Hartford denies the allegations contained therein.

31.    Answering paragraph 31, Hartford denies the allegations contained therein.

32.    Answering paragraph 32, Hartford denies the allegations contained therein.

33.    Answering paragraph 33, Hartford denies the allegations contained therein.

34.    Answering paragraph 34, Hartford denies the allegations contained therein.

35.    Answering paragraph 35, Hartford denies the allegations contained therein.

36.    Answering paragraph 36, Hartford denies the allegations contained therein.

37.    Answering paragraph 37, Hartford denies the allegations contained therein.

38.    Answering paragraph 38, Hartford denies the allegations contained therein.

39.    Answering paragraph 39, Hartford denies the allegations contained therein.

40.    Answering paragraph 40, Hartford admits that Nath tendered the Underlying Lawsuit to Hartford and provided Hartford with a document that Nath identified as the complaint

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

in the Underlying Action.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 40, and on that basis denies said allegations.

41.    Answering paragraph 41, Hartford denies the allegations contained therein.

42.    Answering paragraph 42, Hartford admits that on or about August 22, 2007, Warren Freiman sent a letter to Mr. Epstein in which he advised Mr. Epstein that Hartford declined to defend Mr. Epstein, The Nath Law Group, and Nath & Associates in the Underlying Lawsuit.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 42, and on that basis denies said allegations.

43.    Answering paragraph 43, Hartford admits that Exhibit "3" is (other than various marginalia) a copy of a letter dated August 22, 2007 from Mr. Freiman to Mr. Epstein.

44.    Answering paragraph 44, Hartford admits that it relied, in part, on its review and interpretation of the complaint from the Underlying Lawsuit, its policies, and Mr. Freiman's communications with Mr. Epstein and Ms. Crupper, in making its decision not to defend Nath in the Underlying Action.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 44.

45.    Answering paragraph 45, Hartford admits that the content of Mr. Freiman's letter dated August 22, 2007 speaks for itself.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 45.

46.    Answering paragraph 46, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 46.

47.    Answering paragraph 47, Hartford admits that Mr. Freiman's August 22, 2007 letter contained the phrase:  "Indeed, plaintiffs do allege that their style of advertisement was copied."  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 47.

48.    Answering paragraph 48, Hartford admits that Mr. Freiman's August 22, 2007

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

letter contained the phrase:  "the complaint makes absolutely clear that it is not Nath that is charged with the copying, but the codefendant, A&S, which is not insured by Hartford."  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 48.

49.     Answering paragraph 49, Hartford admits that paragraph 74 of Exhibit "2" contains the phrase:  "Defendants have also copied the substance of Plaintiffs' full page advertisement in the INTA directory."  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 49.

50.     Answering paragraph 50, Hartford denies the allegations contained therein.

51.     Answering paragraph 51, Hartford denies the allegations contained therein.

52.     Answering paragraph 52, Hartford admits that paragraph 74 of Exhibit "2" contains the phrase:  "Defendants' full page advertisement."  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 52.

53.     Answering paragraph 53, Hartford admits that Mr. Freiman's letter dated August 22, 2007 referenced paragraph 74 of the complaint from the Underlying Lawsuit.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 53.

54.     Answering paragraph 54, Hartford admits that the content of Mr. Freiman's August 22, 2007 letter speaks for itself.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 54.

55.     Answering paragraph 55, Hartford denies the allegations contained therein.

56.     Answering paragraph 56, Hartford denies the allegations contained therein.

57.     Answering paragraph 57, Hartford admits that the content of a letter sent by Mr. Epstein to Freiman speaks for itself.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 57.

58.     Answering paragraph 58, Hartford admits that Exhibit "4" purports to be a copy of a letter sent by Mr. Epstein to Mr. Freiman on or about August 24, 2007.  Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in the paragraph numbered 58, and on that basis denies said allegations.

59.     Answering paragraph 59, Hartford admits that the content of the August 24, 2007

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

1    letter sent by Mr. Epstein to Freiman speaks for itself.  Except as otherwise expressly admitted,

2    Hartford denies the allegations of paragraph 59.

3         60.    Answering paragraph 60, Hartford admits that the content of the August 24, 2007

4    letter sent by Mr. Epstein to Freiman speaks for itself.  Except as otherwise expressly admitted,

5    Hartford denies the allegations of paragraph 60.

6         61.    Answering paragraph 61, Hartford admits that the content of the August 24, 2007

7    letter sent by Mr. Epstein to Freiman speaks for itself.  Except as otherwise expressly admitted,

8    Hartford denies the allegations of paragraph 61.

9         62.    Answering paragraph 62, Hartford admits that the content of Mr. Freiman's letter

10   dated September 17, 2007 speaks for itself.  Except as otherwise expressly admitted, Hartford

11   denies the allegations of paragraph 62.

12        63.    Answering paragraph 63, Hartford admits that Exhibit "5" purports to be a copy

13   of Mr. Freiman's September 17, 2007 letter to Mr. Epstein.  Except as otherwise expressly

14   admitted, Hartford denies the allegations of paragraph 63.

15        64.    Answering paragraph 64, Hartford denies the allegations contained therein.

16        65.    Answering paragraph 65, Hartford denies the allegations contained therein.

17        66.    Answering paragraph 66, Hartford admits that Mr. Freiman's letter dated

18   September 17, 2007 contains the phrase:  "There is no claim that Nath advertised at all."  Except

19   as otherwise expressly admitted, Hartford denies the allegations of paragraph 66.

20        67.    Answering paragraph 67, Hartford admits that Mr. Freiman's letter dated

21   September 17, 2007 contains the phrase:  "there is not a single assertion of fact in the complaint

22   that Nath's advertisement copied plaintiffs."  Except as otherwise expressly admitted, Hartford

23   denies the allegations of paragraph 67.

24        68.    Answering paragraph 68, Hartford denies the allegations contained therein.

25        69.    Answering paragraph 69, Hartford admits that the allegations of Exhibit "2" speak

26   for themselves.  Except as otherwise expressly admitted, Hartford denies the allegations of

27   paragraph 69.

28        70.    Answering paragraph 70, Hartford admits that the allegations of Exhibit "2" speak

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

1   for themselves.  Except as otherwise expressly admitted, Hartford denies the allegations of

2   paragraph 70.

3        71.    Answering paragraph 71, Hartford admits that the allegations of Exhibit "2" speak

4   for themselves.  Except as otherwise expressly admitted, Hartford denies the allegations of

5   paragraph 71.

6        72.    Answering paragraph 72, Hartford admits that it relied, in part, on its review

7   interpretation of the complaint from the Underlying Lawsuit, its policies, and Mr. Freiman's

8   communications with Mr. Epstein and Ms. Crupper, in making its decision not to defend Nath in

9   the Underlying Action.  Except as otherwise expressly admitted, Hartford denies the allegations

10  of paragraph 72.

11       73.    Answering paragraph 73, Hartford at this time lacks knowledge or information

12  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

13  denies the allegations contained therein.

14       74.    Answering paragraph 74, Hartford at this time lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

16  denies the allegations contained therein.

17       75.    Answering paragraph 75, Hartford at this time lacks knowledge or information

18  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

19  denies the allegations contained therein.

20       76.    Answering paragraph 76, Hartford at this time lacks knowledge or information

21  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

22  denies the allegations contained therein.

23       77.    Answering paragraph 77, Hartford at this time lacks knowledge or information

24  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

25  denies the allegations contained therein.

26       78.    Answering paragraph 78, Hartford at this time lacks knowledge or information

27  sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

28  denies the allegations contained therein.

79.     Answering paragraph 79, Hartford admits that the terms, definitions, conditions, limitations and exclusions of each of the successive policies issued to Nath speak for themselves. Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 79.

80.     Answering paragraph 80, Hartford denies the allegations contained therein.

81.     Answering the paragraph numbered 81, Hartford incorporates by reference its responses from each of the preceding paragraphs as though fully set forth herein.

82.     Answering paragraph 82, Hartford denies the allegations contained therein.

83.     Answering paragraph 83, Hartford denies the allegations contained therein.

84.     Answering paragraph 84, Hartford at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

85.     Answering paragraph 85, Hartford at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

86.     Answering paragraph 86, Hartford denies the allegations contained therein.

87.     Answering paragraph 87, Hartford denies the allegations contained therein.

88.     Answering the paragraph numbered 88, Hartford incorporates by reference its responses from each of the preceding paragraphs as though fully set forth herein.

89.     Answering the paragraph number 89, Hartford admits implied by law in the policies it issued to Nath is a covenant of good faith and fair dealing.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 89.

90.     In response to paragraph 90, Hartford admits that applicable law sets forth Hartford's duties following tender of a claim.  Except as otherwise expressly admitted, Hartford denies the allegations of paragraph 90 and each of its subparts.

91.     Answering paragraph 91, Hartford denies the allegations contained therein.

92.     Answering paragraph 92, Hartford denies the allegations contained therein.

93.     Answering paragraph 93, Hartford denies the allegations contained therein.

94.     Answering paragraph 94, Hartford denies the allegations contained therein.

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

95.     Answering paragraph 95, Hartford denies the allegations contained therein.

96.     Answering paragraph 96, Hartford denies the allegations contained therein.

97.     Answering paragraph 97, Hartford denies the allegations contained therein.

98.     Any allegation contained in the Complaint that is not expressly admitted in any of the preceding paragraphs is denied.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

As a first and separate affirmative defense, Hartford alleges that the Complaint, and each and every purported claim set forth therein, fails to state facts sufficient to state a claim for relief against Hartford.

## SECOND AFFIRMATIVE DEFENSE

### (Acts Consistent with Applicable Law)

As a second and separate affirmative defense, Hartford alleges that the acts complained of by Nath in the Complaint are consistent with applicable law.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a third and separate affirmative defense, Hartford is informed and believes and on that basis alleges that Nath failed to mitigate its alleged damages and, as a result, any recovery herein must be reduced to the extent such damages, if any, were not mitigated.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a fourth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that Nath by its own conduct is estopped to pursue the recovery sought in the Complaint and each and every purported claim for relief set forth therein, or any recovery at all.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

As a fifth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief set forth therein,

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a sixth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that by virtue of the unlawful, negligent, fraudulent, and/or other wrongful conduct of its and/or its agents, servants, employees and/or representatives in, among other things, failing to cooperate with Hartford in the investigation, handling and/or settlement of the matters described in the Complaints Nath is barred from recovery as against Hartford by its own unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As a seventh and separate affirmative defense, Hartford is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief set forth therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Fault)

As an eighth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that any and all damages sustained by Nath, if any, were proximately caused by the acts or omissions of parties other than Hartford, including third parties and, therefore, any award against Hartford should be reduced by the comparative fault of those parties.

## NINTH AFFIRMATIVE DEFENSE

### (Superseding/Intervening Cause)

As a ninth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that any acts or omissions by Hartford were not a substantial factor in bringing about Nath's alleged damages and, therefore, were not a contributing cause thereof, but were superseded by the acts or omissions of Nath and/or its agents, employees or representatives or by the acts or omissions of third parties, which were independent, intervening and proximate causes of any injury or damages suffered by Nath.

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

**TENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

As a tenth and separate affirmative defense, the Complaint and each and every purported claim for relief set forth therein is barred by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure sections 312, 337, 338, 339, 340, and 343.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Policy Provisions and Exclusions)

As an eleventh and separate affirmative defense, Hartford incorporates the provisions, terms, conditions, limitations, and exclusions of the insurance policies that are alleged in the Complaint, which individually and/or together provide that Nath has no right to recovery from Hartford for the allegations, claims, damages and other matters asserted in the Complaint. As a non-exclusive example, Exhibit "1" to the Complaint provides, in part:

**B.    EXCLUSIONS**

    **1.    Applicable to Business Liability Coverage**

        This insurance does not apply to:

           . . .

        p.    "Personal and Advertising Injury":

           . . .

           (7)    Arising out of any violation of any intellectual property rights, such as patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity.

           However, this exclusion does not apply to infringement, in your "advertisement", of

               (a)    copyright;

               (b)    Slogan, unless the slogan is also a trademark, trade name, service mark or other designation of origin or authenticity; or

               (c)    Title of any literary or artistic work[.]

13

08CV1567

**TWELFTH AFFIRMATIVE DEFENSE**

(No Damage)

As a twelfth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that Nath has not suffered any damage as a result of Hartford's conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reasonable and Lawful Conduct)

As a thirteenth and separate affirmative defense, Hartford alleges that all acts done by Hartford were performed fairly, in good faith, and for a lawful purpose.  Hartford's conduct was in compliance with the terms and conditions of the insurance policy alleged in the Complaint and in compliance with applicable laws, rules and regulations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Recovery Barred by Insurance Code Section 533)

As a fourteenth and separate affirmative defense, Hartford is informed and believes and on that basis alleges that the recovery sought by Nath in its complaint is barred by California Insurance Code section 533 and the public policy of the State of California.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Right to Raise Additional Defenses)

As a fifteenth and separate affirmative defense, Hartford reserves the right to raise additional defenses and to supplement those asserted herein after discovery has begun and additional facts and information have become available.

WHEREFORE, Defendant Hartford Casualty Insurance Company prays for judgment as follows:

1.     That plaintiff take nothing by its complaint and that Hartford Casualty Insurance Company be awarded judgment in its favor;

2.     For an award of attorneys' fees to the extent permitted by law or contract;

3.     For costs of suit incurred herein; and,

1     4.     For such other and further relief as the Court may deem just and proper.

2

3  DATED:  October 16, 2008              MENDES & MOUNT, LLP

4

5                                        By:     /s/ V. René Daley

6                                                DEAN B. HERMAN
                                                 CATHERINE L. RIVARD
                                                 V. RENÉ DALEY
7
                                         Attorneys for Defendant HARTFORD CASUALTY
8                                        INSURANCE COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER